IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JONATHAN L. TRAVER,<br><br>      Defendant. | 8:21-CR-27<br><br>MEMORANDUM AND ORDER ON<br>MOTION FOR SENTENCE REDUCTION |

## I. INTRODUCTION

This matter is before the Court on defendant Jonathan L. Traver's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (compassionate release). Filing 78. Traver previously filed a Motion for Sentence Reduction after he received a second kidney transplant, arguing that his prison was unable to adequately monitor his antibody levels to keep his body from rejecting the transplant. Filing 75 at 5. Traver now requests immediate release from prison "[d]ue to [his] status as a [sic] organ transplant recipient, [his] medical history, and the decline of [his] current health status." Filing 78 at 5. Concluding that the 18 U.S.C. § 3553(a) sentencing factors strongly vitiate Traver's alleged "[e]xtraordinary and compelling reasons warrant[ing] [a] reduction," U.S.S.G. 1B1.13, the Court denies Traver's Motion.

## II. BACKGROUND

On January 21, 2021, the Grand Jury charged Traver in a two-count Indictment. Count I alleged Traver distributed and attempted to distribute child pornography and Count II alleged that he possessed child pornography. Filing 1 at 1–2. As outlined in Traver's Revised Presentence Investigation Report, which the Court adopted without change, law enforcement acting undercover obtained downloads of child pornography from an IP address in Omaha, Nebraska. Filing 73 at 5.

1

Law enforcement investigators contacted Traver at his home. Filing 73 at 5. Traver admitted to downloading and viewing child pornography on his phone, which had several images and videos of child pornography, some of which depicted children under the age of 12. Filing 73 at 6.

Pursuant to his Rule 11(c)(1)(B) plea agreement, Traver pleaded guilty to Count II of the Indictment on January 4, 2022. Filing 37 (Text Minute Entry). At the April 21, 2022, sentencing hearing, the Court granted Traver's Motion to Continue so that Traver could obtain a kidney transplant. Filing 62 (Text Minute Entry). Thereafter, Traver obtained a kidney transplant. At sentencing held on July 7, 2022, the Court denied Traver's Motion for a Downward Variance and sentenced Traver to 105 months incarceration, which was on the lower end of his 97 to 121 months guideline range. Filing 70 (Text Minute Entry); Filing 71. The Court ordered Traver to self-surrender to the Bureau of Prisons (BOP) no earlier than November 15, 2022, in order to give Traver time to allow him to be monitored by the medical team who performed the transplant. Filing 70 (Text Minute Entry). The Court recommended that Traver be required to serve his sentence at a federal medical facility, Filing 71 at 2, and the Bureau of Prisons has assigned Traver to FCI Butner.

On January 23, 2023, Traver filed his first Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 75. The Court denied this Motion on February 15, 2023. Filing 76. Traver filed his second Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which is presently before the Court, on February 26, 2024. Filing 78. Traver also filed a 137-page addendum detailing his medical information. Filing 79.

### III. ANALYSIS

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18

U.S.C. § 3582(c)(1). The amendment provides for "so-called 'compassionate release.'" *See United States v. Avalos Banderas*, 39 F.4th 1059, 1061 (8th Cir. 2022).

Under the plain terms of the statute, prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, it appears that Traver has exhausted his administrative remedies with the BOP because more than 30 days have lapsed since his prison's warden receiving his request. Filing 78 at 3 (indicating that Traver submitted a request for compassionate release to the warden on November 22, 2022, which was denied on January 3, 2023). The Court therefore turns to the merits of his Motion.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) and provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). It is the prisoner's burden to establish an entitlement to sentence reduction. *See Avalos Banderas*, 39 F.4th at 1062. "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United*

3

*States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). With these considerations in mind, the Court turns to the merits of Traver's Motion.

Traver's argument is as follows: "Due to my status as a [sic] organ transplant recipient, my medical history, and the decline of my current health status, I am requesting immediate relief retroactively under the amendment to the Sentencing Guidelines 18 U.S.C. § 3582(c)(1 )(A) that became effective in 2023." Filing 78 at 5. Traver argues that "the 2023 amendment to the Sentencing Guidelines 18 U.S.C. § 3582(c)(l)(A) . . . add[ed] two new subcategories, one of which is Medical Circumstances of the Defendant as grounds for relief. Medical Circumstances of the Defendant applies when a defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and who, without that care, is at risk of serious deterioration in health or death." Filing 79 at 2.

Amendment 814 amends § 1B1.13 of the United States Sentencing Guidelines. U.S.S.G. 1B1.13; *see also* United States Sent. Comm'n, 2023 Amendments to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. Specifically, as relevant here, under § 1B1.13 as amended by Amendment

4

814, the following "Medical Circumstances of the Defendant" can constitute "[e]xtraordinary and compelling reasons warrant[ing] [ ] reduction" in sentence:

> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(B)** The defendant is--
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> **(D)** The defendant presents the following circumstances--
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B1.13(b)(1).

Traver explains that he is "petitioning the Court to provide additional information regarding the care and maintenance of solid organ transplant patients, as [he] feel[s] that the staff at Butner Federal Correctional Institution (BFCI) Low, Butner Federal Medical Center (BFMC), and the Court system are not familiar with the level of care that is required, therefore unable to provide an accurate assessment of the needs and risks that are or are not present at either facility for such a patient." Filing 79 at 2. In support of this Motion, Traver alleges that he had kidney failure due to Hemolytic Uremic Syndrome. Filing 79 at 2. Traver received a kidney transplant when he was 20 years old, and it appears he received a second kidney transplant about four years

later. Filing 79 at 3. Traver argues that he may "potentially surviv[e] only to [his] mid 40s at best." Filing 79 at 3 (Traver notes that he is currently in his early 30s). Traver avers that treatment at University of Nebraska Medical Center, where he "was fortunate [ ] to live minutes away from" before his incarceration, is responsible for him being alive today. Filing 79 at 4–5. Traver also notes the importance of his medications, of proper laboratory testing, and of medical staff response time. Filing 79 at 5–6, 9. Traver further notes several "issues receiving the proper health care at Butner FCI." Filing 79 at 6–7. Finally, Traver avers that he is at heightened risk because of COVID-19. Filing 79 at 8.

      The Court assumes without deciding that Traver has alleged medical circumstances that could constitute "[e]xtraordinary and compelling reasons warrant[ing] [a] reduction" in his sentence. Nevertheless, Traver's Motion for Sentence Reduction is denied because a reduction of Traver's sentence would be contrary to the factors under 18 U.S.C. § 3553(a). Under § 1B1.13, the Court "*may* reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. 1B1.13 (emphasis added); *see also United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but then denied the defendant's motion because the § 3553(a) factors weighed against granting release); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

      Factors under 18 U.S.C. § 3553(a) include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the

6

law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6). The Court sentenced Traver to the lower end of the guidelines. His offense involved him possessing several videos of children under the age of twelve engaged in sex acts. Filing 73 at 7–8. A reduced sentence would not "reflect the seriousness of the offense" or serve the other goals of sentencing as described by 18 U.S.C. § 3553(a). Additionally, Traver only served approximately 15 months of his 105-month sentence before filing this Motion. *See* United States v. Cruz, No. 20-50008-03-JLV, 2023 WL 2214511, at *5 (D.S.D. Feb. 24, 2023) (reasoning that the defendant's sentence at the bottom of his guideline custody range and the fact he had only served a small portion of his sentence counseled against granting relief pursuant to 18 U.S.C. § 3582(c)(1)(A)). Release at this point would be contrary to the nature, circumstances, and seriousness of the offense, and would not adequately deter Traver or others from future offenses. Therefore, after considering and weighing all relevant factors under 18 U.S.C. § 3553(a) and exercising the Court's "broad discretion in determining whether proffered circumstances warrant a reduction in sentence," *Loggins*, 966 F.3d at 893, Traver's Motion for Sentence Reduction is denied.

## IV. CONCLUSION

Traver has failed to show that his release would not be contrary to the § 3553(a) factors. Accordingly,

IT IS ORDERED that Traver's Motion for Sentence Reduction, Filing 78, is denied.

Dated this 8th day of April, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge